UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                          :

DANNA CARO,

                        Plaintiff,         :    **MEMORANDUM DECISION AND ORDER**

      - against –                   :

                                            :    26-cv-1617 (BMC)

NETWORK RECOVERY SERVICES, INC.,   :

                        Defendant.     :
------------------------------------------------------------ X

**COGAN**, District Judge.

Defendant removed this FDCPA case from the Queens County Civil Court based on federal question jurisdiction.  This Court ordered defendant to show cause why the case should not be remanded for lack of Article III standing.  In its response, defendant agreed that plaintiff had not sufficiently alleged a concrete injury.  In fact, defendant said that it would not object to remand if plaintiff either "disclaim[ed] that she has suffered any injury-in-fact" or "fail[ed] to satisfy the Court that the injury meets the standards of TransUnion [LLC v. Ramirez, 594 U.S. 413 (2021)]."  Plaintiff has not responded to defendant's position.

Having reviewed plaintiff's operative complaint (the amended complaint in state court) and defendant's response to the Order to Show Cause, the Court finds that plaintiff has failed to satisfy the concrete injury element of Article III standing.

This case is thus remanded for lack of subject-matter jurisdiction.

## SUMMARY OF COMPLAINT

In 2024, plaintiff was injured in a car accident.  At the time of the accident, she was covered by an insurance policy from Security National Insurance Company, which provided for coverage of all medical expenses related to the car accident.  Plaintiff filed a claim with Security

National for her injuries and sought medical attention at New York Presbyterian Hospital. Security National reimbursed New York Presbyterian for 100% of plaintiff's treatment expenses. Notwithstanding, defendant sought to collect additional money from plaintiff on New York Presbyterian's behalf.

Plaintiff doesn't specify how much money defendant sought, through what means, or precisely when, but says that defendant's conduct "caused [her] to become annoyed, upset, and confused" – as well as "aggravated, frustrated, worried, fearful, and distressed" – "because she believed her insurance should have paid New York Presbyterian Hospital."  Plaintiff also says that she "wasted her time and energy worrying about [d]efendant's conduct."  It is with these vague allegations that plaintiff argues that defendant violated § 1692e of the FDCPA by:

> [u]sing false, deceptive or misleading representations or means; misrepresenting the character, amount, or legal status of the debt; threatening to take and actually taking an action prohibited by law; using any false, deceptive or misleading representations or means; using unfair or unconscionable means; and collecting or seeking to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

This is merely a repetition of the language of the statute.  See 15 U.S.C. § 1692e.

### DISCUSSION

The complaint alleges three categories of harm: garden-variety emotional harm, wasted time, and statutory harm.  Plaintiff's allegations in the first two categories are clearly not enough for an injury-in-fact.  Although "[t]hese purported harms are of the sort that TransUnion contemplated might form the basis of Article III standing," plaintiff fails to "plead enough facts to make it plausible that [she] did suffer the sort of injury that would entitle [her] to relief."  See Maddox, 19 F.4th at 65-66 (citation omitted).  She says only *that* she suffered emotional distress and *that* she wasted her time and energy while offering no reason *why* defendant's actions would

be the cause.  See id. at 66; see, e.g., Merced v. Resurgent Cap. Servs., L.P., No. 22-cv-08327, 2024 WL 1076519, at *3 (S.D.N.Y. Mar. 12, 2024) (no injury-in-fact where plaintiff alleged "emotional harm in the form of stress and anxiety, with physical harm manifesting in the form of lost sleep"); Adler v. Penn Credit Corp., No. 19-cv-7084, 2022 WL 744031, at *9 (S.D.N.Y. Mar. 11, 2022) (plaintiff's allegations that he was "confused," "frustrated," and "worried" were "too vague" to establish injury-in-fact); Spitz v. Caine & Weiner Co., Inc., No. 23-cv-7853, 2024 WL 69089, at *3 (E.D.N.Y. Jan. 5, 2024) (no injury-in-fact where plaintiff alleged that she was "confused" and suffered "increased heartrate, difficulty with sleep, anxiety, and stress associated with fear"); Devitt v. Portfolio Recovery Assocs., LLC, No. 21-cv-5657, 2022 WL 1460278, at *8 (E.D.N.Y. May 9, 2022) (no injury-in-fact where plaintiff alleged confusion and wasted time); Cavazzini v. MRS Assocs., 574 F. Supp. 3d 134, 143-44 (E.D.N.Y. 2021) (same).

Plaintiff's allegation of statutory harm – i.e., that she suffered the harms against which the FDCPA was meant to protect – requires a somewhat different analysis.  The FDCPA "create[d] a private right of action for debtors who have been harmed by abusive debt collection practices."  Benzemann v. Citibank, N.A., 806 F.3d 98, 100 (2d Cir. 2015) (citations omitted). Plaintiff brings the instant case under § 1692e, which prohibits debt collectors from using "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt."  Among other things, a debt collector may not falsely represent "the character, amount, or legal status of any debt," id. § 1692e(2)(A), "threat[en] to take any action that cannot legally be taken," id. § 1692e(5), or use "any false representation or deceptive means to collect or attempt to collect any debt," id. § 1692e(10).

Prior to TransUnion, many courts assumed that when Congress created a statutory cause of action, a violation of that statute was sufficient to create an injury-in-fact for purposes of

establishing Article III standing.  But then TransUnion clarified that "in suits for damages, plaintiffs cannot establish Article III standing by relying entirely on a statutory violation or risk of future harm: 'No concrete harm; no standing.'"  Maddox, 19 F.4th at 64 (quoting TransUnion, 594 U.S. at 442).  The Supreme Court had earlier held in Spokeo, Inc. v. Robins, 578 U.S. 330, 341 (2016), that "Article III standing requires a concrete injury even in the context of a statutory violation."  Expanding on that principle, TransUnion explained that an injury should be viewed as concrete only when the plaintiff can say that she was *personally* harmed by the statutory violation.  See TransUnion, 594 U.S. at 423 ("[T]he plaintiff must have a personal stake in the case ... [meaning that] plaintiffs must be able to sufficiently answer the question: 'What's it to you?'"  (internal quotation marks and citations omitted)).

Here, the harm that plaintiff allegedly suffered is simply the harm that the statute seeks to prevent: false, deceptive, and misleading debt collection practices.  The Second Circuit has plainly rejected this theory of standing as "inconsistent with TransUnion."  See Guthrie v. Rainbow Fencing, Inc., 113 F.4th 300, 307-08.  The Second Circuit reasoned that if "legislative purpose were enough to establish an injury, it would amount to 'the proposition that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right,'" a proposition which TransUnion rejected.  Id. at 308 (quoting TransUnion, 594 U.S. at 426).  The fundamental problem with plaintiff's allegations is that any plaintiff bringing FDCPA claims could allege the same.  There is nothing linking any legally cognizable injury that plaintiff *personally* experienced to defendant's actions.

The Court is aware of the Second Circuit's decision in Cohen v. Rosicki, Rosicki & Assocs., P.C., 897 F.3d 75 (2d Cir. 2018). There, our Court of Appeals held – pre-TransUnion –

4

that bare FDCPA violations are concrete harms.  The Cohen plaintiff had not alleged a personal harm as a result of the defendants' alleged FDCPA violations but, according to the Circuit, had nonetheless satisfied the injury-in-fact requirement based on harms that defendants' violations "might have" caused.  Id. at 82.

The Second Circuit "ha[s] cautioned District Courts against preemptively declaring that [Second Circuit] caselaw has been abrogated by intervening Supreme Court decisions."  Packer on behalf of 1-800-Flowers.Com, Inc. v. Raging Cap. Mgmt., LLC, 105 F.4th 46, 54 (2d Cir. 2024).  As a result, courts in this Circuit are bound to apply Second Circuit precedent "unless and until its rationale is overruled, implicitly or expressly, by the Supreme Court or [Second Circuit]."  United States v. Polouizzi, 564 F.3d 142, 160 (2d Cir. 2009) (quoting Consol. Edison Co. v. UGI Utils., Inc., 423 F.3d 90, 101 n.12 (2d Cir. 2005)); see also Packer, 105 F.4th at 54 n.36 ("In rare cases, a district court can decline to follow our precedent if it concludes that an intervening Supreme Court decision has so clearly undermined our precedent that it will almost inevitably be overruled.").

This is one of these "rare cases."  See Packer, 105 F.4th at 54 n.36.  Cohen's speculative theory of standing is irreconcilable, not only with TransUnion, but also with the Second Circuit's post-TransUnion decisions in Maddox and Guthrie.  See Maddox, 19 F.4th at 64-66 (Plaintiffs "may have suffered a nebulous risk of future harm ... but that risk, which was not alleged to have materialized, cannot not form the basis of Article III standing."); Guthrie, 113 F.4th at 311 (Plaintiff "fails to link the general harms an employee *might* experience to any harms that [he] *did*, in fact, experience." (citation omitted)).  And although the district courts don't get the final say on this matter, it's worth noting that after TransUnion was decided, district courts in this Circuit have largely disagreed with Cohen, explicitly and implicitly, and held that FDCPA

5

violations are *not*, in and of themselves, concrete harms.  See, e.g., Gregg v. SN Servicing Corp., No. 21-cv-01640, 2023 WL 112800, at *1 (E.D.N.Y. Jan. 5, 2023) (noting that Cohen is no longer good law); Mohadeb v. Credit Corp. Solutions Inc., No. 22-cv-5017, 2022 WL 17832856, at *2 (E.D.N.Y. Dec. 21, 2022) (same); Lanza v. Client Services, Inc., No. 21-cv-06319, 2022 WL 17787465, at *3 (E.D.N.Y. Sept. 12, 2022) (same); Ergas v. Eastpoint Recovery Grp., Inc., No. 20-cv-333S, 2022 WL 2128029 (W.D.N.Y. June 14, 2022) (same); Nojovits v. Ceteris Portfolio Servs., LLC, No. 22-cv-2833, 2022 WL 2047179, at *2 (E.D.N.Y. June 7, 2022) (implying the same).

Consistent with TransUnion, Maddox, Guthrie, a long line of post-TransUnion district court cases, and Court of Appeals cases from other Circuits, the Court holds that an FDCPA violation, untethered to any concrete, personally-suffered harm, does not constitute an injury-in-fact.[1]  Therefore, plaintiff has failed to allege an injury-in-fact and has thus failed to satisfy Article III standing.

Finally, the Court takes no position on the effect that this decision may have on further proceedings in the state court upon remand. That is, the Court offers no opinion as to whether plaintiff has standing in state court.  Although state and federal standing jurisprudence have similarities, they are "not necessarily coterminous." Pugh v. Reverse Mortg. Sols., Inc., No. 21-cv-5072, 2022 WL 1645660, at *2 n.2 (E.D.N.Y. May 24, 2022).  "[S]tate courts are not bound to adhere to federal standing requirements," even in cases brought under federal law, because Article III of the Constitution defines the jurisdiction of the federal courts, not the state courts.

---

[1] Many other Circuits have reached the same conclusion in the FDCPA context. See, e.g., Hekel v. Hunter Warfield, Inc., 118 F.4th 938, 942 (8th Cir. 2024); Morales v. Commonwealth Fin. Sys., Inc., No. 22-3388, 2023 WL 8111458, at *3 (3d Cir. Nov. 22, 2023); Perez v. McCreary, Veselka, Bragg & Allen, P.C., 45 F.4th 816, 823 (5th Cir. 2022); Ward v. Nat'l Patient Acct. Servs. Sols., Inc., 9 F.4th 357, 361 (6th Cir. 2021); Trichell v. Midland Credit Mgmt., Inc., 964 F.3d 990, 1002 (11th Cir. 2020) (disagreeing with Cohen); Frank v. Autovest, LLC, 961 F.3d 1185, 1188-90 (D.C. Cir. June 9, 2020); Casillas v. Madison Avenue Associates, Inc., 926 F.3d 329, 334-35 (7th Cir. 2019).

See Maddox v. Bank of New York Mellon Tr. Co., N.A., 19 F.4th 58, 66 n.4 (2d Cir. 2021)

(quoting ASARCO Inc. v. Kadish, 490 U.S. 605, 617 (1989)).

## CONCLUSION

This case is remanded to the Civil Court of the City of New York, Queens County, Index

No. CV-006853-25/QU, for lack of subject matter jurisdiction.  See Gross v. TransUnion, LLC,

607 F. Supp. 3d 269, 272 (E.D.N.Y. 2022) ("When Article III standing is lacking in a case

removed from state court, the federal court must decline removal and remand the case."  (citation

omitted)).


**SO ORDERED.**

*Brian M. Cogan*

_____

U.S.D.J.


Dated:  Brooklyn, New York
        April 1, 2026

7